UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLAUDIO,<br><br>            Plaintiff,<br><br>v.<br><br>MICHAEL BIERBAUM and VICTOR OJEDA,<br><br>            Defendants. | Case No.: 3:23-cv-01965-JAH-VET<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SET SEPARATE DEADLINE FOR EXHAUSTION-BASED MOTION FOR SUMMARY JUDGMENT**<br><br>**[Doc. No. 32]** |

**I.     INTRODUCTION**

Before the Court is Defendants' Motion to Set Separate Deadline for Exhaustion-Based Motion for Summary Judgment ("Motion"). Doc. No. 32. The current deadline to file pre-trial motions is February 17, 2026. Defendants request that the Court set an earlier, separate deadline for the filing of an exhaustion-based motion for summary judgment. Because such a motion may dispose of the entire case, Defendants argue that an earlier, separate deadline promotes judicial economy. Doc. No. 32 at 1. Plaintiff, appearing pro se, has "no objection to Defendants' request," but simultaneously asks that "the Court deny Defendants' Motion To Set Separate Deadline for Exhaustion-Based Motion for Summary

Judgment." *See* Doc. No. 33 at 1, 5.[1] For the reasons discussed below, the Court **GRANTS** the Motion.

## II. DISCUSSION

The Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions. 42 U.S.C. § 1997e(a). As explained by the Ninth Circuit, Congress purposefully made exhaustion a precondition to suit, rather than to judgment, to afford corrections officials the opportunity to address complaints internally. *McKinney v. Carey*, 311 F.3d 1198, 1200-1201 (9th Cir. 2002).

However, "an unenumerated motion under Rule 12(b) is not the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA." *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Instead, "[t]o the extent evidence in the record permits, the appropriate device is a motion for summary judgment under Rule 56." *Id*. Further, "the exhaustion question in PLRA cases should be decided as early as feasible." *Id*. at 1170; *see also Williams v. Buenrostro*, No. 17cv2345-MMA (JLB), 2020 U.S. Dist. LEXIS 51662, at *9 (S.D. Cal. Mar. 24, 2020) ("a motion for summary judgment is generally the appropriate vehicle for raising the plaintiff's failure to exhaust administrative remedies because 'failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints'") (quoting *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

Accordingly, the Court finds that setting a separate deadline for an exhaustion-based motion for summary judgment is appropriate. Such a deadline also promotes judicial economy and conserves party resources since it has the potential to dispose of the entire case and avoid a trial on the merits. Still, the parties are advised that **all other case**

---

[1] Plaintiff's response argues why an exhaustion-based motion for summary judgment would fail. A question the Court will address only after the exhaustion-based motion for summary judgment and response are filed.

**deadlines remain in effect**, *see* Doc. No. 30, and as such, the Court expects the parties to continue to exercise diligence in meeting remaining case deadlines.

### III.  CONCLUSION

Based on the foregoing, the Court **GRANTS** the Motion. Accordingly, **IT IS HEREBY ORDERED** that Defendants shall file an Exhaustion-Based Motion for Summary Judgment by no later than **September 8, 2025**. Plaintiff's response shall be filed no later than **October 6, 2025**. Any reply shall be filed by **October 13, 2025**. The Court will, in its discretion, consider Defendant's Motion for Summary Judgment based on the Motion, Opposition, and Reply briefs submitted by the parties. No oral argument will be heard and no appearances by either party or counsel will be required. The Scheduling Order remains in effect. Doc. No. 30.

**IT IS SO ORDERED.**

Dated:  August 4, 2025

Honorable Valerie E. Torres
United States Magistrate Judge